801 P.2d 57

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Carlos Jeronimo ORTIZ–VALENCIA, Defendant–Appellant.**

No. 18553.

Court of Appeals of Idaho.

Nov. 19, 1990.

Gara B. Newman, Rupert, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

A jury found Carlos Jeronimo Ortiz–Valencia guilty of lewd conduct with a minor. The district court imposed a unified sentence of twelve years in prison with a minimum period of confinement of four years. Ortiz–Valencia appeals, arguing that the sentence is unduly harsh and excessive. For the reasons stated below, we affirm.

The essential facts of the case can be stated briefly. Ortiz–Valencia married a woman who had two daughters. The elder daughter was the complaining witness in this matter and was fourteen years old at the time of the trial. Ortiz–Valencia engaged in various sexual acts with the elder daughter over a period of several years and specifically on August 5, 1989. The elder daughter had attempted to tell her mother about her stepfather's conduct earlier, but had been beaten by him. When the stepfather began to direct his attention toward her younger sister, both girls came forward to testify against him. Throughout the trial in this matter, and following his conviction, Ortiz–Valencia denied that he committed any improper acts with either of the children at any time.

The maximum sentence for lewd conduct with a minor is life in prison. Ida-

ho Code § 18–1508. The district court sentenced the defendant to twelve years with a four year minimum period of confinement. The fixed minimum period is the probable measure of confinement. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989). A sentence within the statutory limits will not be disturbed on appeal absent a showing that the sentencing court abused its discretion. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A sentence may represent an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). To ascertain whether the length of confinement is reasonable, we apply the substantive criteria set forth in *State v. Toohill, supra*. The sentence is reasonable if it accomplishes the primary objective of protecting society and meets any or all of the related goals of deterrence, rehabilitation, or retribution. The reasonableness of the sentence must be considered in light of the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

The transcript of the sentencing hearing reflects the district court's proper consideration of the factors set forth in *State v. Toohill, supra*. The district court had before it the pre-sentence investigation report which indicated that Ortiz–Valencia did not have a prior criminal record, but also that he was unwilling to admit to or accept responsibility for his actions. The court showed concern about protecting society from a man who was unwilling to accept responsibility for molesting a child. The court also properly considered the sentencing goal of rehabilitation. We are unable to discern any abuse of discretion by the trial court.

For the foregoing reasons, we affirm the judgment of conviction, including the sentence imposed by the trial court.

WALTERS, C.J., and SWANSTROM, J., concur.