823 P.2d 165

**STATE of Idaho, Plaintiff–Respondent,**

v.

**James Clinton HOFFMAN, Defendant–Appellant.**

**No. 18927.**

Court of Appeals of Idaho.

Nov. 4, 1991.

Rehearing Denied Jan. 15, 1992.

James Clinton Hoffman, pro se.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Pursuant to a plea bargain, James Clinton Hoffman pled guilty to two counts of first degree burglary, I.C. §§ 18–1401, 02, 04. The district court imposed two concurrent unified sentences of fifteen years in the custody of the Board of Correction, with a minimum period of confinement of six years. Hoffman appeals from the judgment of the district court, arguing that his sentences are unreasonable. We affirm.

Hoffman's sentences are within the statutory maximum of fifteen years for first degree burglary. I.C. § 18–1403; § 18–308. Appellate review of a sentence is based on an abuse of discretion standard. State v. Wolfe, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. State v. Broadhead, 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. State v. Nice, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." State v. Toohill, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; State v. Sanchez, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Hoffman's actual term of confinement as six years on these concurrent sentences. Hoffman must establish that under any reasonable view of the facts a period of confinement of six years for his conviction on two counts of first degree burglary was an abuse of discretion. This court will not substitute its own view "for that of the sentencing judge where reasonable minds might differ." Toohill, 103 Idaho at 568, 650 P.2d at 710.

In conducting a sentence review, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. State v. Reinke, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The facts in this case can be briefly stated. The state

charged Hoffman with three counts of first degree burglary; the crimes charged were residential burglaries. Hoffman entered guilty pleas to two counts, in exchange for the dismissal of one count in the instant case, and the dismissal of two other pending criminal cases.

The district court in its sentencing comments noted Hoffman's misdemeanor and felony criminal record, which was extensive and included previous convictions for first degree burglary and grand larceny in 1981. While incarcerated on these convictions, he was convicted of felony possession of a controlled substance by an inmate and received a concurrent indeterminate two-year sentence. Hoffman was paroled in March, 1987, but was returned to the custody of the Board of Correction in May, 1988 for violating his parole. He was again paroled in June, 1988, but in June, 1990, after having been charged with the burglaries to which he pled guilty, he was again returned to custody for violating his parole.

The court imposed a fixed portion of the sentences which was less than that recommended by the state. The court in its sentencing comments reflected on the need to protect society and imposed sentences consistent with that sentencing objective and with the seriousness of the crimes and the character of the defendant. The court appropriately considered the nature of the offenses, the character of the offender, and the sentencing objectives in pronouncing the sentences. In light of the sentencing criteria, the sentences are reasonable.

The judgment of conviction for two counts of first degree burglary, including the sentences imposed, is affirmed.