822 P.2d 1021

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Fausto SANCHEZ, Defendant–Appellant.**

**No. 19196.**

Court of Appeals of Idaho.

Dec. 24, 1991.

Ismael Chavez, Caldwell, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Fausto Sanchez was indicted on five counts of delivery of a controlled substance, heroin. I.C. § 37–2732. Pursuant to a plea bargain, he pled guilty to three counts and the other two were dismissed. He appeals from the judgments entered by the district court imposing concurrent, unified sentences of twenty years in the custody of the Board of Correction with minimum periods of confinement of ten years. Sanchez argues on appeal that the minimum period of confinement of ten years on each of his sentences is unreasonable. We affirm.

Sanchez's sentences are within the statutory maximum of life imprisonment that could have been imposed on each count, for delivery of heroin. I.C. § 37–2732(a)(1)(A). Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Sanchez must establish that under any reasonable view of the facts a period of confinement of ten years

for delivery of heroin was an abuse of discretion. This Court will not substitute its own view "for that of the sentencing judge where reasonable minds might differ." *Toohill*, 103 Idaho at 568, 650 P.2d at 710.

In conducting a sentence review, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The facts in this case can be briefly stated. During the months of February and March, 1990, Sanchez sold heroin on five separate occasions to an undercover officer. Simultaneously with his arrest on these charges, he was also arrested on an outstanding federal warrant for illegal entry into the United States and for possessing heroin and cocaine. At the time he was arrested he was in possession of a loaded and cocked semiautomatic pistol and ammunition, although he denied ownership of the gun. Sanchez related to the presentence investigator that he engaged in the sales of heroin to obtain money and drugs to support his own addiction. He twice previously had been deported as an illegal alien. His prior record included traffic violations and one charge of delivery of a controlled substance, amended to a misdemeanor charge of frequenting a place where drugs were sold.

The district court in its sentencing comments noted Sanchez' character and prior history. He said:

You asked me to give some consideration that you dealt drugs because you were addicted. And I do give consideration to that fact....

But when I get someone like you who's addicted to the drugs but does several dealings, has a large—I consider $278 cash a large amount of cash for someone who hasn't really been working very much according to the presentence [report], has large amounts of drugs, way more than what personal use would be and has a weapon, I give very little consideration to the factor that you might be

addicted to the drugs. You are an extremely dangerous dealer of drugs.

The court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing the sentences. In light of the sentencing criteria, we hold that Sanchez' sentences are reasonable.

The judgments of conviction for delivery of a controlled substance, including the sentences imposed, are affirmed.