823 P.2d 175

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Kenneth Floyd NELSON, Defendant–Appellant.**

**No. 19297.**

Court of Appeals of Idaho.

Dec. 27, 1991.

Gregg E. Lovan of Rettig, Rosenberry, Lovan and Pangburn, Caldwell, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Kenneth Nelson pled guilty to lewd conduct with a child under the age of sixteen. I.C. § 18–1508. He received a unified sentence of ten years in the custody of the Board of Correction with a minimum period of confinement of thirty months. On appeal, Nelson argues that the district court abused its discretion in imposing the sentence. We affirm.

■ Nelson's sentence is within the statutory maximum of life imprisonment that could have been imposed for the crime. I.C. § 18-1508. Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

■ When considering a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19-2513; *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Nelson's actual term of confinement as thirty months. Nelson must establish that under any reasonable view of the facts a period of confinement of thirty months for lewd conduct with a child under the age of sixteen was an abuse of discretion.

In reviewing a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The facts in this case demonstrate that Nelson pled guilty to a charge that he had engaged in sexual activity with his daughter, age fifteen, by inserting his finger in her vagina. She reported that Nelson had been molesting her, including sexual intercourse, since she was seven years old. The district court, in sentencing Nelson, considered the criteria for probation and for incarceration set forth in

I.C. § 19-2521. The court concluded that incarceration rather than probation was the better choice in Nelson's case. With regard to the possibility of undue risk of the commission of another crime while on probation and whether the defendant was in need of correctional treatment, the court said:

> [W]ell, first, as I said on the probation that the—I suspect that the risk of this defendant at this particular time is not undue. The defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution. I don't deceive myself into thinking that treatment is available at the Idaho State Penitentiary. It's not. That's the worst place to treat. And in all of these cases, you have to—the purpose of treatment and the purpose of incarceration in the penitentiary is the same. It's to stop sexual abuse.
>
> I suspect that sexual abuse is best stopped by treatment. We are all—I mean we are all the safest when we're dealing with people who by inclination do not want to abuse you or steal from you or the like. The best curb that society has is the individual conscience of each of its members. And in this respect, treatment and incarceration have the same goals, to stop abuse, whether you stop it through fear or you stop it because you've learned such that you're not sexually stimulated by a seven-year old or a nine-year old.

The court then discussed two other factors: whether a lesser sentence would depreciate the seriousness of the defendant's crime and that a term of imprisonment would serve as a deterrent to the defendant and others from committing similar crimes. The court said:

> I fear that in a case where the defendant has been abusing a child for seven years, three or four years of intercourse, oral sex, I fear that just to say, "We'll put you on probation," is not an appropriate sentence. It does depreciate the seriousness of his crime and it's difficult to sentence in the abstract. It's difficult to sentence on concepts—abstract concepts of deterrence and rehabilitation [and]

punishment while at the same time trying to deal with the flesh of an actual person. But at some point, I suspect that society draws a line in the sand and for its own protection, as Mr. Nelson indicated, to protect itself, it just says you may not cross that line.

So what I do today is to—for the most part is to try to blend those several various concepts together: ones that include punishment, ones that include the possibility of rehabilitation, ones that do not depreciate and particularly for [the victim], the seriousness of what happened to her.

The court appropriately considered the nature of the offense, the character of the offender (including the defendant's lack of a prior record), and the sentencing objectives in pronouncing the sentence. In light of the sentencing criteria, we hold that Nelson's sentence is reasonable.

The judgment of conviction for lewd conduct with a child under the age of sixteen, including the sentence imposed, is affirmed.