826 P.2d 495

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Lawrence Richard ANDERSON, Defendant–Appellant.**

**No. 19448.**

Court of Appeals of Idaho.

Feb. 27, 1992.

Charles F. Peterson of Orndorff, Peterson, Hawley, Wight & Gilman, Boise, for appellant.

Larry J. EchoHawk, Atty. Gen., Jane M. Newby, Sp. Deputy Atty. Gen., Boise, for respondent.

SILAK, Judge.

Lawrence Richard Anderson pled guilty to rape. I.C. § 18–6101. He appeals from the judgment of the district court imposing

a unified sentence of eight years in the custody of the Board of Correction, with a minimum period of confinement of forty-two months. Anderson argues on appeal that his sentence is unreasonable. We affirm.

Anderson's sentence is within the statutory maximum of life in prison. I.C. § 18–6104. Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Anderson's actual term of confinement as forty-two months. Anderson must establish that under any reasonable view of the facts a period of confinement of forty-two months for his rape conviction was an abuse of discretion. This court will not substitute its own view "for that of the sentencing judge where reasonable minds might differ." *Toohill*, 103 Idaho at 568, 650 P.2d at 710.

In reviewing a sentence, we conduct an independent examination· of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The facts in this case can be briefly stated. The victim was a fifteen-year-old girl Anderson had met at a party. Anderson offered rides home to the victim and her friend. He drove the friend home first, and then rather than taking the victim home, drove to the Lucky Peak area where he tried to kiss the victim. When she refused to be kissed by Anderson, he began forcing himself upon her. The victim then attempted to defend herself with a knife from her purse. She stabbed Anderson three times. Anderson took the knife from her, threw it out the window and raped her.

Anderson pled guilty to the charge in exchange for the state limiting its sentencing recommendation to fifteen years with a minimum of five years' confinement, with the defense free to argue for less. After being furnished with a presentence report and after oral argument at the sentencing hearing, the district court imposed a unified sentence of eight years with forty-two months fixed.

The district court in its sentencing comments noted that this was Anderson's first felony conviction, but that his prior record consisted of some misdemeanor charges, two DUI's and a reckless driving charge. The presentence report reveals that Anderson has had an alcohol and drug addiction problem for approximately seven-and-a-half years. As a condition of his probation for a DUI Anderson received in April, 1990, he was ordered to attend a substance abuse program, which he did attend in Hailey. However, Anderson failed to follow up on treatment and soon lapsed back into a pattern of daily abuse of drugs and alcohol. This crime occurred less than two weeks after Anderson moved from Hailey to Boise.

In sentencing, the district court, contrary to the argument on appeal, showed an awareness of Anderson's drug and alcohol problems, observing that they offered "explanation" but not "justification" for the crimes. The court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing the sentence. Although not required by the sentencing criteria, the dis-

trict court considered the future administration of the sentence by the Commission on Pardons and Parole in determining the length of the sentence. In light of the sentencing criteria, the sentence is reasonable.

The judgment of conviction for rape, including the sentence imposed, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.