826 P.2d 497

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Belia OCHOA, Defendant–Appellant.**

**No. 18729.**

Court of Appeals of Idaho.

Feb. 27, 1992.

Van G. Bishop, Nampa, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Belia Ochoa pled guilty to one count of delivery of a controlled substance, cocaine, pursuant to a plea bargain in which other drug-related charges were dismissed. I.C. § 37–2732(a)(1)(A). She appeals from the judgment of the district court imposing a unified sentence of seven years in the custody of the Board of Correction, with a minimum period of confinement of three years, to be served concurrently with a sentence Ochoa was already serving. Ochoa argues on appeal that her sentence is unreasonable. She also asserts error in the district court's actions concerning her motion under I.C.R. 35 for reduction of sentence. We affirm the sentence imposed, but dismiss the appeal regarding the Rule 35 issue because there was no final order of the district court denying the Rule 35 motion.

■ Ochoa's sentence is within the statutory maximum of life and/or a fine of $25,000. I.C. § 37–2732(a)(1)(A). Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

■ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Ochoa's actual term of confinement as three years. Ochoa must establish that under any reasonable view of the facts a period of confinement of three years for delivery of a controlled substance, cocaine, was an abuse of discretion.

■ In reviewing a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The state charged Ochoa with two counts of delivery of a controlled substance, cocaine, and one count of aiding and abetting the delivery of a controlled substance, cocaine. I.C. §§ 37–2732(a)(1)(A). Ochoa pled guilty to one count of delivery of cocaine in a plea bargain in which the other two counts were dismissed.

Ochoa was on parole at the time she committed this offense. The district court in its sentencing comments noted Ochoa's criminal record, which included two convictions of petit theft, and a conviction for possession of heroin. She also had three traffic infractions. The district court's sentencing comments also reflect that the court had considered the defendant's background and marital problems. While the district court acknowledged Ochoa's long history of being a productive member of society, the court noted that unfortunately Ochoa had allowed herself to fall into a "vicious cycle" of association with drug dealers and users and abusers of drugs. The sentencing comments of the district court reflect a concern for the protection of society and Ochoa's rehabilitation.

The district court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing sentence. In light of the sentencing criteria, the sentence is reasonable.

 Ochoa also argues on appeal that the district court erred by failing to grant her Rule 35 motion for reduction of sentence. The procedural history of the motion reveals the following. Ochoa was sentenced on April 10, 1990; therefore, the 120 day time period for filing a Rule 35 motion would have expired on August 8, 1990. Ochoa's retained counsel withdrew from the case pursuant to an order dated November 26, 1990, and the court appointed the public defender to represent Ochoa.

On January 31, 1991, Ochoa's new counsel filed a Rule 35 motion, to which was attached a copy of a pro se pleading, entitled "Motion for Hearing in the Matter of Reduction of Sentence," and a notarized certificate of mailing to the "Clerk of the District Court" dated July 10, 1990. The district court conducted a hearing on the Rule 35 motion on March 21, 1991, at which time the district court expressed concern that it might not have jurisdiction because it appeared that the January 31, 1991, Rule 35 motion was untimely, and because the court's records did not reflect the filing of a pro se motion by Ochoa in July, or at a time prior to August 8, 1990 (the expiration of 120 days after sentencing). The district court determined to take the Rule 35 motion under advisement to allow Ochoa's counsel time to check the files of the district court to determine whether Ochoa's pro se motion had been misfiled, and to obtain affidavits necessary to establish a timely filing.

The record on appeal does not establish that any final decision on the Rule 35 motion has been made, nor that Ochoa presented any additional information to the district court in support of her contention that the Rule 35 motion had been timely filed. Idaho Appellate Rule 11(c) allows appeals to be taken from "judgments and orders" of the district court in a criminal action. The district court entered no order on the Rule 35 motion, but rather deferred ruling on the matter until it could receive further information concerning the timeliness of the motion. Because there was no order entered on the Rule 35 motion either granting or denying the motion, there was no order within the meaning of I.A.R. 11(c) from which Ochoa could appeal.

The judgment of conviction and sentence are affirmed. Ochoa's appeal regarding her Rule 35 motion is dismissed.

WALTERS, C.J., and SWANSTROM, J., concur.