828 P.2d 352

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Charles J. PATTERSON, Defendant–Appellant.**

**No. 19331.**

Court of Appeals of Idaho.

April 2, 1992.

Thomas W. Callery of Brower and Callery, Lewiston, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Charles Patterson pled guilty to sexual abuse of a child under the age of sixteen. I.C. § 18–1506. He received a unified sentence of ten years in the custody of the Board of Correction with a minimum period of confinement of three years. On appeal, Patterson argues that the district court abused its discretion in imposing the sentence. We affirm.

■ Patterson's sentence is within the statutory maximum of fifteen years' imprisonment that could have been imposed for the crime. I.C. § 18–1506. Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead,* 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982).

■ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Patterson's actual term of confinement as three years. Patterson must establish that under any reasonable view of the facts a period of confinement of three years for sexual abuse of a child under the age of sixteen was an abuse of discretion. This Court will not substitute its own view "for that of the sentencing judge where reasonable minds might differ." *Toohill,* 103 Idaho at 568, 650 P.2d at 710.

■ In reviewing a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). Here, Patterson was charged with engaging in sexual activity with his stepdaughter, age thirteen, by fondling her breasts while she was sleeping. She related that she was awakened one night by Patterson's actions, kissing and fondling her breasts. She told him to leave her alone. He stopped and she went back to sleep. She awoke a second time when he touched her breasts

again. She turned away from him and went back to sleep. She was reawakened when Patterson slid his hand into her panties. This time Patterson stopped and left the bedroom. She later reported the incident to a counselor at her school. Patterson was interviewed, admitted the allegations and eventually pled guilty.

This case was not Patterson's first involvement with the criminal justice system. At the time he was sentenced, he was fifty-three years old. He previously had been convicted of three felonies, including first degree burglary, attempted burglary and second degree burglary. He disclosed that he had also been arrested several times for driving while under the influence and had been investigated once for welfare fraud. In 1980, he purportedly engaged in sexual intercourse with another teen-aged stepdaughter, but formal charges were not filed and the child was placed in the custody of the state. Patterson has been married six times and five of these marriages were to teenage females. A sexual abuse assessment evaluation prepared for the sentencing proceeding reported that Patterson must be considered a high risk to sexually reoffend and that Patterson was "a poor candidate for any sort of outpatient sexual offender treatment at this time."

During the sentencing proceeding, the court focused on the need to protect society and, specifically, the protection of young people "even from their parents" from the type of conduct to which Patterson had pled guilty. The record demonstrates that the court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing the sentence. In light of the sentencing criteria, we hold that Patterson's sentence is reasonable and was not an abuse of the court's sentencing discretion.

The judgment of conviction for sexual abuse of a child under the age of sixteen, including the sentence imposed, is affirmed.

SWANSTROM and SILAK, JJ., concur.