829 P.2d 872

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Rickie Lynn ROSA, Defendant–Appellant.**

**No. 19563.**

Court of Appeals of Idaho.

April 23, 1992.

Randy J. Stoker, Twin Falls, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This is a sentence review. Rickie Lynn Rosa pled guilty to lewd conduct with a minor child under the age of sixteen. I.C. § 18–1508. He received a unified sentence of ten years in the custody of the Board of Correction with a minimum period of confinement of five years. On appeal, Rosa argues that the district court abused its discretion in imposing the sentence. We affirm.

Rosa's sentence is within the statutory maximum of life imprisonment that could have been imposed for the crime. I.C. § 18–1508. Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead,* 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Rosa's actual term of confinement as five years. Rosa must establish that under any reasonable view of the facts a period of confinement of five years for lewd conduct with a minor under the age of sixteen was an abuse of discretion. This Court will not substitute its own view "for that of the sentencing judge where reasonable minds might differ." *Toohill,* 103 Idaho at 568, 650 P.2d at 710.

In reviewing a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). Here, Rosa was charged with four counts of lewd conduct with a minor, allegedly occurring over a five-month period, and involving two of his nieces between the ages of eight and ten years old. Pursuant to a plea bargain, the state agreed to dismiss three of the counts in exchange for Rosa's plea of guilty to the remaining count. The count to which Rosa pled guilty alleged that Rosa had placed his hand inside the child's clothing and touched her vaginal area with the intent to arouse or gratify his sexual desires.

At the time he was sentenced, Rosa was forty-six years old. His previous criminal record included six arrests for driving while under the influence, forgeries (reduced to misdemeanors) and a charge of lewd conduct with a minor in 1982, amended to accessory to lewd conduct. He reported to the presentence investigator that he was an alcoholic, admitting that he has a problem with alcohol. At the sentencing hearing, a clinical counselor who worked with Rosa stated that Rosa had not overcome his alcohol problem and that if Rosa began drinking again, his risk for reoffending would increase.

During the sentencing proceeding, the court focused on the need to protect society and noted that the victim continued to suffer from Rosa's harmful conduct. The district court considered the factors for granting or denying probation enumerated in I.C. § 19–2520, but determined that probation was not warranted. The record demonstrates that the court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing the sentence. In light of the sentencing criteria, we hold that Rosa's sentence is reasonable and was not an abuse of the court's sentencing discretion.

The judgment of conviction for lewd conduct with a minor under the age of sixteen, including the sentence imposed, is affirmed.

SWANSTROM and SILAK, JJ., concur.