834 P.2d 321

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Edwin FULLERTON, Defendant–Appellant.**

**No. 19369.**

Court of Appeals of Idaho.

July 2, 1992.

Randy J. Stoker Chartered, Twin Falls, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

## PER CURIAM.

Edwin Fullerton was found guilty by a jury of lewd conduct with a minor. I.C. § 18–1508. He appeals from the judgment of the district court imposing a unified sentence of fifteen years in the custody of the Board of Correction, with a minimum period of confinement of five years. Fullerton argues on appeal that his sentence is unreasonable. He also asserts that the district court abused its discretion in denying his motion under I.C.R. 35 for reduction of sentence. We affirm.

The facts of the case may be briefly summarized. According to the victim, a boy of eleven, while Fullerton was babysitting the victim and his sister, Fullerton entered the room where the children were sleeping, and got undressed and into bed with the victim. Fullerton fondled the victim's penis, performed fellatio on him, and then told the victim to touch him in the same manner. Fullerton denied any sexual contact with the victim and denied that he had ever been sexually aroused by children.

■ Fullerton's sentence is within the statutory maximum of life imprisonment for lewd conduct with a minor. I.C. § 18–1508. Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

■ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Fullerton's actual term of confinement as five years. Fullerton must establish that under any reasonable view of the facts a period of confinement of five years for lewd conduct with a minor was an abuse of discretion.

■ In reviewing a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The district court in its sentencing comments appropriately emphasized the serious nature of the offense of lewd conduct with a minor, and concluded that a lengthy sentence was necessary to protect society from Fullerton. In discussing Fullerton's character, the district court noted that information about Fullerton failed to indicate he would not pose a danger to society if allowed to be on probation or released. The district court also rejected the retained jurisdiction program as unadvisable in this case because Fullerton had refused to admit he had a sexual problem.

The district court also had the benefit of the presentence investigation report, which showed that Fullerton has been convicted on one count of assault, one count of malicious injury to property, and has had his driving privileges suspended. Fullerton has also used marijuana and cocaine, but Fullerton stated that he did not believe he had a substance abuse problem.

Fullerton contends that the sentence imposed is excessive because he does not have a lengthy felony record, has not had other sexual incidents with minors, is not a pedophile, and because the sexual encounter with this victim occurred only once. Despite these arguments, we believe that the district court correctly considered the

seriousness of the offense, the character of the offender, and the sentencing objectives in pronouncing sentence. In light of the sentencing criteria, the sentence is reasonable.

█ We turn next to the order denying Fullerton's motion under I.C.R. 35 for reduction of his sentence. At the hearing on the motion, counsel for Fullerton presented an additional medical report, and argued that Fullerton, in a letter to the court, had acknowledged his guilt, and that this acknowledgment made him a better candidate for the retained jurisdiction program than had previously been thought. Counsel also argued that the Commission of Pardons and Parole did not intend to consider Fullerton for release after five years.

The district court commented at the hearing that Fullerton had made inconsistent statements concerning his guilt before and after sentencing. The court further stated that the time for Fullerton to express remorse and exhibit a suitability for treatment was between the time of the guilty verdict and sentencing. In determining not to grant leniency, the district court emphasized that any lesser sentence would depreciate the seriousness of the crime, the need to deter others, and that society must be protected from a person who was not amenable to treatment at the time of sentencing.

As noted above, Fullerton's sentence was reasonable when imposed. The arguments made on his Rule 35 motion are not persuasive that the sentence should have been reduced. The district court carefully considered Fullerton's arguments, but properly rejected them. We hold that the district court did not abuse its discretion in denying Fullerton's motion for reduction of his sentence.

The judgment of conviction and sentence, and the order denying the Rule 35 motion, are affirmed.