835 P.2d 685

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jack Edward BROWER, Jr., Defendant–Appellant.**

Nos. 19763, 19764.

Court of Appeals of Idaho.

Aug. 4, 1992.

Monte R. Whittier, Whittier, McDougall, Souza, Murray & Clark, Pocatello, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Jack Edward Brower, Jr. was charged in one case with one count of first degree burglary and one count of attempted first degree burglary. I.C. §§ 18–1401, –1402, –306. Pursuant to a plea bargain Brower pled guilty to first degree burglary and the attempted first degree burglary charge was dismissed. In a second case Brower was charged with and pled guilty to first degree burglary. Judgment was entered by the district court sentencing Brower in the first case to a unified fourteen and one-half year sentence with a fixed term of four and one-half years. The district court retained jurisdiction but later relinquished it. Upon relinquishing jurisdiction the district court amended the sentence to a unified thirteen-year sentence with a fixed term of three years. In the second case the court imposed a unified fifteen-year sentence with a fixed term of three years, to run concurrently with the sentence imposed in the first case. In the second case the district court also retained jurisdiction and then relinquished jurisdiction. Brower appeals from his judgments of conviction and sentences, arguing that his sentences are unreasonable. We affirm.

Briefly stated, the facts involve two burglaries and one attempted burglary. Brower burglarized the City of Pocatello's animal shelter, stealing cash, a tranquilizer gun, a 35mm camera, and two collector's item knives. He then unsuccessfully attempted to break into the Ross Park Zoo. On another occasion, Brower and an accomplice burglarized Gem State Distributors and stole approximately 30 cartons of cigarettes.

Brower's sentences are within the statutory maximum of fifteen years for first degree burglary. I.C. § 18–1403. Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 144–45, 814 P.2d 401, 404–05 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary ob-

jective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Brower's actual term of confinement as three years. Brower must establish that under any reasonable view of the facts a period of confinement of three years for burglary was an abuse of discretion.

In reviewing a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The district court in its sentencing comments appropriately focused on the need to protect society from Brower's unlawful conduct, as well as to punish him and deter him from future criminal activities. The court concluded, having the benefit of the presentence investigation report (PSI), that Brower was not a fit candidate for probation. The PSI showed that Brower, who was nineteen years old at the time he committed these offenses, had an extensive juvenile record and an adult record consisting of mainly violations of the motor vehicle code. Brower admitted that he has been using illegal drugs since the age of twelve, and began drinking alcohol at age ten. He also admitted that he committed the two burglaries to obtain money for his drug and alcohol addictions.

Brower argues that the district court did not sufficiently weigh the goal of rehabilitation, and that the sentences are excessive because the burglaries are Brower's first adult felony charges, Brower desires to change, and his graduation from high school shows an ability to meet a worthy goal. Despite these arguments, our independent review of the record convinces us that the district court correctly considered the seriousness of the offense, the character of the offender, and the sentencing objectives in pronouncing the sentences. The district court's comments reflect that it did consider rehabilitation, and indeed the court retained jurisdiction as a means of affording Brower an additional rehabilitation possibility. In light of the sentencing criteria, the sentences are reasonable.

The judgments of conviction and sentences are affirmed.