840 P.2d 398

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jay R. MARSH, Defendant–Appellant.**

No. 19751.

Court of Appeals of Idaho.

Oct. 27, 1992.

Edgar R. Frachiseur, Mountain Home, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Jay R. Marsh pled guilty to three counts of second degree burglary, I.C. § 18–1401–03; one count of grand theft, I.C. § 18–2407(1)(b)(1); and one count of malicious injury to property, I.C. § 18–7001. He appeals from the judgment of the district court imposing unified concurrent sentences in the custody of the Board of Correction of five years with three years' minimum confinement for the three second degree burglary charges; ten years with five years' minimum confinement for the grand theft charge (as modified under I.C.R. 35); and three years with two years' minimum confinement on the charge of malicious injury to property. Marsh argues on appeal that his sentences are unreasonable. We affirm.

Marsh's sentences are within the statutory maximum of five years for each second degree burglary charge, fourteen years and/or a fine up to $5,000 for grand theft, and five years and/or a fine of up to $1,000 for malicious injury to property. Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is

unreasonable, and thus a clear abuse of discretion. *State v. Broadhead,* 120 Idaho 141, 144–45, 814 P.2d 401, 404–05 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Marsh's actual term of confinement as five years. Marsh must establish that under any reasonable view of the facts this period was an abuse of discretion. This Court will not substitute its own view "for that of the sentencing judge where reasonable minds might differ." *Toohill,* 103 Idaho at 568, 650 P.2d at 710.

On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The facts in this case can be briefly stated. In September, 1991, Marsh was apprehended in connection with the burglaries of various buildings in Mountain Home from which items of property were stolen and interior doors and cabinets were maliciously damaged. Marsh pled guilty to the five charges and the state agreed not to file an additional habitual offender charge.

Marsh argues that the sentences imposed by the district court were excessive under the circumstances; that his young age, alcohol and drug abuse problems, and mental and emotional problems were not addressed; and that no rehabilitation pro-grams were suggested for him in the presentence investigation report. Marsh further argues that from the age of fifteen he has spent less than one year of his life out of institutional custody; that this previous punishment has not been a successful deterrent to Marsh's behavior; and therefore that other options should be explored. Marsh contends that if he were to be placed on probation, granted retained jurisdiction for consideration of probation, or if the length of the sentences imposed were significantly reduced, that one of these alternatives would keep him from becoming an "institutionalized man," one who cannot live outside a prison environment.

The presentence investigation report reveals that Marsh has been offered mental health treatment in the past from several different sources, but that he has failed to avail himself of it. While undergoing treatment at State Hospital South, Marsh had to be restrained physically and with chemicals to control his anger and rage. It was determined by the staff that Marsh is unable to take responsibility for the consequences of his actions and prefers to project the blame on others. Marsh left the hospital against psychiatric advice. Also, he admits having an alcohol and drug abuse problem, but has never sought treatment for these problems.

The presentence investigation further lists seven aliases for Marsh. At the age of fourteen, Marsh was convicted of malicious destruction of property. He has since been convicted of two counts of burglary, six counts of forgery, second degree burglary, grand theft, an additional malicious destruction of property charge and a charge of riot while serving a sentence at the prison in Boise.

The district court in its sentencing comments noted that Marsh's criminal record was one of the worst the court had ever seen considering Marsh's age of twenty-four years. Apparently, the court was convinced that the sentences imposed in the past had not deterred Marsh's criminal behavior and that there was a need to protect society from this continued conduct. The court acknowledged that, based on his past

record, there was no reason to expect Marsh would respond favorably to probation. It also made a recommendation that Marsh be given mental health counseling evaluation and treatment while in prison. The court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing the sentence. In light of the sentencing criteria, the sentences are reasonable.

The judgment of conviction for three counts of second degree burglary, grand theft and malicious injury to property, including the sentences imposed, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.