861 P.2d 1232

**STATE of Idaho, Plaintiff–Respondent,**

v.

**William Deets SMITH, Defendant–Appellant.**

**No. 20449.**

Court of Appeals of Idaho.

July 14, 1993.

Whittier, McDougall, Souza, Murray & Clark, Chartered; Robert C. Naftz, Pocatello, for defendant-appellant.

Larry EchoHawk, Atty. Gen.; Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is a sentence review. William Deets Smith was found guilty by a jury of driving under the influence (DUI), charged as a felony upon the prosecutor's allegation that Smith had been convicted previously of driving while under the influence during the preceding five years. I.C. §§ 18–8004(1)(a) and 18–8005(5). Smith was committed to the custody of the Board of Correction for five years, with a one-year period of minimum confinement. On appeal, he contends that his sentence was an abuse of the court's discretion. We affirm.

Smith's sentence is within the statutory maximum of five years permitted for felony DUI. I.C. § 18–8005(5). An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). If the sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion.

*State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989). Thus, we view Smith's actual term of confinement as one year. Smith must establish that under any reasonable view of the facts a period of confinement of one year for his conviction for felony DUI was an abuse of discretion. This Court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill, supra.*

On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). At the time Smith was charged with this offense, he was on probation under a suspended sentence for a previous felony DUI. In fact, he had received six DUI convictions during the preceding eleven years and several convictions for driving while his license was suspended. He also has prior convictions for possession of marijuana and for receiving stolen property. At the time of sentencing, Smith was 39 years old. In terms of rehabilitation opportunities, Smith had been afforded retained jurisdiction on his previous felony DUI conviction and has been on supervised probation for extended periods of time.

It is clear in this case that the court appropriately considered the nature of the offense and the character of the offender in pronouncing the sentence. Although Smith argues on appeal that the court placed greater emphasis upon the sentencing factors of protection of society and retribution through incarceration rather than rehabilitation, we have held that a sentence need not serve all the sentencing goals; indeed, the goals of retribution and deterrence "by themselves, are sufficient to justify the sentence." *State v. Waddell,* 119 Idaho 238, 241, 804 P.2d 1369, 1372 (Ct.App.1991). Reviewing the record in this case, we hold that the court below did not abuse its discretion. The sentence imposed by the court was reasonable.

Accordingly, the judgment of conviction and sentence are affirmed.