858 P.2d 331

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jodie Ann HOSTETLER, Defendant–Appellant.**

**No. 20192.**

Court of Appeals of Idaho.

Aug. 16, 1993.

May & May Law Offices, Thomas D. Kershaw, Twin Falls, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is a sentence review. Jodie Ann Hostetler pled guilty to the crime of permitting injury to a child, charged as a felony under I.C. § 18–1501(1). She was committed to the custody of the Board of Correction for nine years with a three-year minimum period of confinement. On appeal, she contends that the district court abused its discretion by imposing an excessive sentence, arguing that the court in-stead should have placed her on probation under a suspended sentence. We affirm.

Hostetler's sentence is within the statutory maximum of ten years authorized for this crime. I.C. § 18–1501(1). An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). If the sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). The choice of probation, among the available sentencing alternatives, is committed to the sound discretion of the trial court. *Id.* at 567, 650 P.2d at 709. The denial of probation will not be deemed an abuse of discretion if the decision is consistent with the criteria articulated in I.C. § 19–2521. *Id.*

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989). Thus, we view Hostetler's actual term of confinement as three years. Hostetler must establish that under any reasonable view of the facts a period of confinement of three years for her felony conviction for permitting injury to a child was an abuse of discretion.

On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982). The nature of the offense in

this case encapsulates a tragic event. The victim, Hostetler's twenty-seven-month-old daughter, Amanda, was left by Hostetler at her home in the care of Hostetler's live-in boyfriend while Hostetler went to wash clothes at a nearby laundromat. When Hostetler returned home, the paramedics were there performing CPR on Amanda. Amanda died and the autopsy report indicated that her death was caused by a blow to her intestinal lining.

Hostetler and her boyfriend were charged with felony injury to a child. Specifically, the charge against Hostetler alleged that, under circumstances likely to cause great bodily harm or death, she had permitted Amanda to be placed in a situation such that the child's health was endangered. Evidence submitted at the sentencing hearing indicated that Hostetler often neglected the child and did not provide continuous parental care to the child during the several months preceding its death. Hostetler was twenty-one years old at the time she was sentenced in August, 1992.

At the sentencing hearing, counsel for Hostetler urged that the court consider probation with psychological treatment. The prosecutor also recommended that Hostetler be placed on probation. Instead, after clearly explaining that the defendant was not being sentenced for the death of her child, the court imposed a unified nine-year sentence with a minimum term of confinement of three years.

■ On appeal, Hostetler asserts that her sentence is excessive based upon her character, her lack of a criminal record, the lack of rehabilitative therapy available in prison, the alleged biased statements of the presentence investigator, the testimony of psychiatrists and the psychological evaluations presented at the sentencing hearing, the specific nature of the crime to which she pled guilty, and the belief that she is not a threat to society. These underlying factors all were considered by the district court during the sentencing process. Regardless of how this Court would view that same information to arrive at an appropriate sentence, the dispositive question is whether the district court, functioning in

its role as the sentencing court, abused its discretion. We previously have noted that sentencing determinations are never made with precision; in deference to the discretionary authority of the trial court, an appellate court will not substitute its view for that of the trial court where reasonable minds might differ. *State v. Toohill, supra.*

■ In choosing to impose a sentence of incarceration rather than releasing Hostetler on probation, the district court evaluated the case under the guidelines of I.C. § 19–2521. The judge found there was an undue risk that the defendant would commit another crime; that she was in need of correctional treatment which may be provided by her commitment to an institution; that a lesser sentence would depreciate the seriousness of the crime; that imprisonment would provide appropriate punishment and deterrence to the defendant and to other persons in the community; that the defendant's criminal conduct caused or threatened harm to the child; that the defendant had a total disregard for her daughter's safety and well-being; and that there appeared no provocation or justification for the defendant's lack of care for her child. The court's decision not to place Hostetler on probation thus was properly reached after due consideration of the applicable criteria and will not be deemed an abuse of discretion. *Toohill, supra.*

■ The court specifically considered the four sentencing objectives in imposing criminal punishment, expressing those objectives as: (1) protection of society; (2) deterrence of the individual and the public generally; (3) the possibility of rehabilitation; and (4) vindication of the victim, reassuring society, and imposing just moral blame. The court concluded that

General deterrence is important in this case. Miss Hostetler has given a clear message of disregard for the safety of a 27–month–old child. The court feels compelled to send an equally clear message to those individuals who have custody of small children. The message is

that such negligence will not be tolerated.

.    .    .    .    .

Now having decided and announced that the defendant is going to be incarcerated, the hard part is determining what is an appropriate period of incarceration. Here the court is guided by two factors: First, in this type of case it is important to consider society's demands as set forth in the laws of this state. At the same time, because of the defendant's lack of [a] prior record, the court feels it is appropriate to consider the defendant's chances for rehabilitation and survival after being incarcerated.

Idaho's Unified Sentencing Act gives the court the opportunity to set a minimum sentence. In establishing a maximum sentence the law also gives the defendant an opportunity to earn the right to be reintroduced into society through being rehabilitated.

Based upon the defendant's plea of guilty and the court's previous findings in this matter, it is hereby ordered that the defendant is guilty of Idaho Code 18–1501, Injury to a Child, and she is hereby sentenced to the custody of the Idaho State Board of Correction for a period of not less than three years, nor more than nine years, consisting of a minimum period of commitment of three years, during which the defendant shall not be eligible for parole or discharge or credit or reduction of sentence for good conduct, and a subsequent indeterminate period not to exceed six years.

It is clear in this case that the court properly considered the nature of the offense, the character of the offender, and the pertinent sentencing objectives. Having reviewed the record in this case, in light of the arguments presented, we conclude that the court below did not abuse its discretion or impose an excessive sentence. The unified nine-year sentence, with three years as the minimum period of confinement, was reasonable.

Accordingly, the judgment of conviction for permitting injury to a child and the unified sentence ordered by the court are affirmed.