860 P.2d 679

STATE of Idaho, Plaintiff–Respondent,

v.

Todd R. BAXTER, Defendant–Appellant.

No. 20429.

Court of Appeals of Idaho.

Sept. 10, 1993.

William J. Fitzgerald, Lewiston, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

Before WALTERS, C.J., LANSING, J., and WINMILL, J., pro tem.

PER CURIAM.

This is a sentence review. Todd R. Baxter pled guilty to fraudulent procurement of public assistance, charged as a felony, I.C. §§ 56–227(a); 18–2407(b)(1), and was committed to the custody of the Board of Correction for five years, with a two-year minimum period of confinement, under the Unified Sentencing Act. I.C. § 19–2513. On appeal, he contends that the court abused its discretion by imposing an unreasonable sentence under the facts and circumstances of the case and the record of the defendant at the time of sentencing. We affirm.

The charge against Baxter stemmed from Baxter's application for, and receipt of, $555 worth of food stamps while falsely representing the amount of his income. Because the value of the food stamps he received exceeded $150, his fraudulent procurement of these benefits was charged as a felony, punishable to the same extent as theft of the value of the property so obtained. I.C. §§ 56–227(a); 18–2407(b)(1); *State v. Gilbert,* 112 Idaho 805, 736 P.2d 857 (Ct.App.1987). The five-year unified sentence imposed by the court is within the statutory maximum of fourteen years permitted for the crime. I.C. §§ 56–227(a); 18–2407(b)(1).

The appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). If the sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Thus, we view Baxter's actual term of confinement as two years. Baxter must establish that under any reasonable view of the facts a period of confinement of two years for his conviction for fraudulent procurement of public assistance was an abuse of discretion. This Court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill, supra.*

On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982). The nature of the offense, commonly known as welfare fraud, has been outlined above. It entailed Baxter's receipt of food stamps without reporting the amount of income he was receiving from

worker's compensation benefits which, if disclosed, would have disqualified him from obtaining public assistance to the extent of the value of the food stamps he received. He admitted that his scheme was carried out intentionally, knowing that his failure to accurately report his income allowed him to obtain assistance to which he otherwise would not have been entitled.

Insight into Baxter's character and background was reported to the court through a presentence investigation. Baxter was 27 years old. He had a criminal record beginning at age 18 when he was convicted of theft. Since then, Baxter has been convicted of three counts of burglary, two counts of theft of personal property, battery, receiving stolen property, selling of a narcotic controlled substance, DUI, and obstructing and resisting a public officer. Beside these convictions, Baxter has been charged with another incident of obstructing and resisting an officer, three counts of receiving stolen property, three counts of burglary, theft, hit and run, jail escape, and two counts of theft of personal property. He has a history of extensive use of illegal drugs, including marijuana, methamphetamines, depressants, crank, and cocaine. The presentence investigator recommended that Baxter be incarcerated in the state penal system.

After reviewing all of the information submitted at the sentencing proceeding, the district court concluded that the offense charged was serious when coupled with Baxter's prior record. Taking into account the objectives of sentencing, the court further concluded that punishment and deterrence were strong considerations in reaching the decision to impose an appropriate sentence. The court then determined that a term of five years, with two years' required confinement before parole eligibility, should be imposed.

It is clear in this case that the court properly considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing the sentence. Upon reviewing the record, we conclude that the court below did not abuse its discretion. The unified five-year

sentence, with two years as the minimum period of confinement, was reasonable.

Accordingly, the judgment of conviction for fraudulent procurement of public assistance and the unified sentence ordered by the court are affirmed.