645 P.2d 323

STATE of Idaho, Plaintiff-Respondent,

v.

William NICE, Defendant-Appellant.

No. 13758.

Supreme Court of Idaho.

May 5, 1982.

Gaylen L. Box, Pocatello, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

The defendant, William Nice, was charged with lewd and lascivious conduct with a minor under the age of sixteen years in violation of I.C. § 18–6607. The defendant pleaded guilty and was sentenced on April 28, 1980, to the Idaho State Penitentiary for an indeterminate term not to exceed ten years. The only issue raised by the defendant on appeal is whether this sentence was excessive.

■ A sentence fixed within the limits prescribed by the statute will ordinarily not be considered an abuse of discretion by the trial court. *State v. Dunn*, 91 Idaho 870, 434 P.2d 88 (1967). In this case the maximum punishment prescribed by the statute is life so the ten-year sentence was within the statutory limit. However, in exercising that discretion reasonableness is a fundamental requirement, *State v. Dillon*, 100 Idaho 723, 604 P.2d 737 (1979), and this Court must examine the circumstances of each case to determine whether the punishment imposed is excessive. *State v. Weise*, 75 Idaho 404, 273 P.2d 97 (1954); *State v. French*, 95 Idaho 853, 522 P.2d 61 (1974) (Shepard, J., dissenting).

An examination of the circumstances that developed at the sentencing hearing and that remained essentially uncontradicted indicates that the defendant met the complaining witness, a fourteen-year-old girl, while he was at her parent's home in June, 1979. The girl testified that after meeting the defendant she called him about twice a week for over two months until the offense occurred. During that time he never returned her calls and consulted friends on how to best handle the situation. On the day of the incident she called him again and asked him to come to the home where she was babysitting. The defendant brought along his son and the defendant testified at his sentencing hearing that his plans were to take them to the park. However, he testified that after stopping at the park he decided to go to the store for some beer and then to his house to put away groceries that he had purchased earlier in the day. The girl asked if she could go along. He stopped by his house to put the groceries away and she said she had to go to the bathroom. The girl testified that she came out of the bathroom no longer wearing her shoes, stockings or pants and told the defendant that she wanted to have sex. The offense occurred shortly after.

The girl testified that after the offense occurred she was angry at the defendant because she called him three more times but he never returned her calls. One week later she told her parents about the incident and the defendant was arrested. He later pleaded guilty to the offense of lewd and lascivious conduct with a minor.

Other than public intoxication and driving while intoxicated, the defendant's prior record consists solely of traffic offenses. Besides this being his first felony the defendant, after serving 11 years in the United States Air Force, had received an honorable discharge. While in the service he became skilled as a mechanic and was employed as a truck driver at the time of the sentencing. The defendant had been married for eighteen years but had separated from his wife shortly before the offense occurred. The defendant and his wife had seven children whom the defendant had supported. He was supporting two of the children who were living with him at the time of the trial.

The presentence investigation report placed primary emphasis on the defendant's need for alcoholic counseling. The report stated that the defendant had a problem with alcohol and the record shows that he had consumed at least two or three beers immediately prior to the time of the incident. The report further indicated that if the court wished to consider probation as an alternative it could possibly be accomplished if certain recommendations were followed. The investigator recommended that the de-

fendant, who was a veteran, receive inpatient treatment at the Veteran's Administration Hospital in Sheridan, Wyoming. The investigator indicated that the hospital had been contacted and there was a room available for the defendant.

The psychological evaluation conducted by the Department of Health and Welfare indicated that the defendant did not suffer from any severe psychiatric disorders and that the 120-day program at the North Idaho Correctional Institution located in Cottonwood would assist the defendant in confronting his rationalizations and justifications for engaging in this behavior. The defendant requested probation and the prosecuting attorney recommended that the court retain jurisdiction for 120 days and then consider treatment for alcoholism after a successful completion of the Cottonwood program.

Before sentencing the defendant to ten years, the trial judge stated that in his experience the Cottonwood program had been unsuccessful at correcting or rehabilitating individuals of the defendant's age. The defendant was forty years old and we find no abuse of discretion in the trial court's decision regarding his refusal to sentence the defendant to this 120-day program. However, we feel that the trial court did not give proper consideration of the defendant's alcoholic problem, the part it played in causing defendant to commit the crime and the suggested alternatives for treating the problem. Also, this was the defendant's first felony with no prior history of any sexual violations and this Court has "recognized that the first offender should be accorded more lenient treatment than the habitual criminal." *State v. Owen*, 73 Idaho 394, 402, 253 P.2d 203, 207 (1953) (overruled on other grounds). Besides this being his first felony, he had received an honorable discharge from the Air Force and was working and helping to support his children at the time of the conviction. In light of the defendant's past record and the circumstances surrounding the case, we find the court did abuse its discretion and that these compelling circumstances are sufficient enough to require us, in the furtherance of justice, to reduce the sentence to six years. *See State v. Dunnagan*, 101 Idaho 125, 609 P.2d 657 (1980).

Ordinarily, we would remand this case back to the trial court for further consideration as to resentencing. I.C.R. 35. At that time the court, if it so desired, could hear additional evidence as to what the defendant's conduct had been in the interim so as to impose a proper sentence considering all the alternatives. However, since the defendant has already been in prison over two years since this appeal was filed, we find no need to remand because there is no additional evidence for the trial court to consider. It is therefore ordered that the judgment be modified to provide for imprisonment in the Idaho State Penitentiary for a term not to exceed six years in lieu of the ten-year sentence. As modified the judgment is affirmed.

BAKES, C. J., and McFADDEN, BISTLINE and SHEPARD, JJ., concur.