769 P.2d 605

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert H. RANKIN, Defendant–Appellant.**

**No. 17230.**

Court of Appeals of Idaho.

March 2, 1989.

R. Ted Israel, Office of the Public Defender, Sixth Judicial District, of Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen. by Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is a sentence review case. After pleading guilty to a charge of aggravated battery, Robert H. Rankin received a six-year sentence with a four-year minimum period of confinement. He now contends that the sentence is excessive. We affirm the judgment imposing the sentence.

Aggravated battery is a felony under I.C. § 18–907. It carries a maximum possible penalty of imprisonment for fifteen years. I.C. § 18–908. Where, as here, the sentence imposed is within the statutory maximum, it will not be disturbed unless a clear abuse of discretion is shown. A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). We explained the concept of reasonableness in *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982), as follows:

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable. Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where

reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

In applying these criteria to the facts of a given case, we conduct an independent examination of the record. We focus upon the nature of the offense and upon the character of the offender. *E.g., State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

In this case, the aggravated battery occurred when Rankin fired a pistol in the direction of a fourteen-year-old girl, striking her in the leg and causing serious bodily injury. The victim was a daughter of Rankin's "common law" wife, residing in the same household as Rankin. The incident apparently occurred while Rankin was under the influence of alcohol. Although Rankin later claimed that the shooting was "accidental," he pled guilty without reservation to the prosecutor's information alleging that he had "intentionally cause[d] bodily harm and injury to the person of another...." At the sentencing hearing, Rankin stated that he had been trying to "scare" the girl, likening his conduct to "throw[ing] firecrackers down" and "[j]ust playing around."

With respect to Rankin's character, the record discloses that he has a long-standing problem of alcohol and substance abuse. His prior criminal record includes criminal damage to property in Illinois during 1977, followed in 1979 with convictions for false imprisonment, assault with a deadly weapon, and oral copulation with a person by force (all arising from a single set of events). Rankin was incarcerated in California from 1979 to 1984, when he was paroled. He subsequently absconded from parole and was still a fugitive when he committed the instant offense in Idaho.

During the sentencing hearing, Rankin's counsel acknowledged that "incarceration was the only alternative," but asked the court to temper the sentence in light of Rankin's poor health. In addition to his alcohol and substance abuse problems, Rankin was described as suffering from

numerous other maladies requiring the consumption of pain relievers and other prescription drugs. It was also noted that his left arm had been partially amputated and that he walked with the assistance of a cane.

The prosecutor informed the court that California authorities had expressed an interest in charging Rankin with absconding from parole. The prosecutor stated his understanding that the probable penalty for such a charge would be one year's incarceration in California. Pursuant to an agreement made when Rankin pled guilty to the present offense, the prosecutor said he would have no objection if the court made the sentence in this case run concurrently with any further period of incarceration in California. However, he recommended that the Idaho sentence be for five years, to be served entirely in confinement.

The district judge observed that "in view of [his] past record and the conduct in this case, [Rankin is] certainly a potentially dangerous individual...." As noted above, he imposed a six-year sentence, directing that four years be served as a minimum period of confinement. He declined to make any special provision for the sentence to run concurrently with possible future incarceration in California.

In our view, protection of society is the sentencing criterion most clearly framed by the facts of this case. Although we are not unsympathetic to Rankin's physical ailments, we observe that they did not prevent commission of the aggravated battery, and there is no assurance that they would prevent commission of another violent crime in the future. The district judge recognized as much when he found Rankin to be a "potentially dangerous individual." This criterion is sufficient, by itself, to justify a substantial prison sentence. *See, e.g., State v. Howard,* 112 Idaho 110, 730 P.2d 1030 (Ct.App.1986). The interests of retribution and deterrence also were served by the sentence in this case. We further believe that the district judge adequately took rehabilitation into account when he gave Rankin an opportunity for parole in four years, on a crime carrying a maximum possible penalty of fifteen years.

Accordingly, we hold that the district judge did not abuse his sentencing discretion. The judgment of conviction, including the sentence, is affirmed.