795 P.2d 910

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Pam STONE, Defendant–Appellant.**

**No. 18343.**

Court of Appeals of Idaho.

July 24, 1990.

---

\* Judge Burnett's dissenting opinion was prepared prior to his resignation on July 16, 1990.

David N. Parmenter, Blackfoot, for defendant-appellant.

Jim Jones, Atty. Gen. by Jack B. Haycock, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM *.

This is a sentencing discretion case. Pam Stone pled guilty to one count of forgery. She received a withheld judgment, coupled with probation for five years. Following a number of probation violations, her probation was revoked, and a two-year indeterminate sentence was imposed. The sentence was wholly indeterminate. Nonetheless, she has appealed, arguing the sentence is excessive.

■■■ Forgery is a felony carrying a maximum penalty of fourteen years. I.C. § 18–3604. Where a sentence is within the statutory limit, we will not disturb it unless an abuse of discretion is shown. A sentence may represent such an abuse if it is unreasonable upon the facts of the particular case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). In a case such as this,

where the crime was committed prior to the effective date of the Unified Sentencing Act, and the sentence is indeterminate, we will presume the period of confinement to be at least one-third of the sentence. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Here, that period would be eight months.

In examining the reasonableness of the sentence, we apply the substantive criteria set forth in *State v. Toohill*, 103 Idaho at 568, 650 P.2d at 710:

[A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable. Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

■■■ As we apply these criteria to the instant case, we consider the nature of the offense and the character of the offender. The record reveals that while on probation for forgery, Stone committed grand theft and was sentenced to prison. Upon her release, she was again placed on probation. Stone used cocaine during this period and also fled the state, to live in Nevada. Upon these facts, we believe the district court did not abuse its discretion by revoking probation and imposing a two-year indeterminate sentence.

The district court's judgment is affirmed.

* BURNETT, J., concurred in this opinion prior to his resignation July 16, 1990.