826 P.2d 1346

STATE of Idaho, Plaintiff–Respondent,

v.

Eugene Leroy BARNES, Defendant–
Appellant.

No. 19314.

Court of Appeals of Idaho.

March 2, 1992.

Bruce H. Greene, Sandpoint, for defen-
dant-appellant.

Larry EchoHawk, Atty. Gen., Jane New-
by, Special Deputy Atty. Gen., Boise, for
plaintiff-respondent.

PER CURIAM.

Eugene Leroy Barnes was charged by
the prosecutor for Bonner County with
first degree murder. The information later
was amended to allege that Barnes was an
accessory, under I.C. § 18–205, upon
Barnes' agreement to plead guilty to the
amended charge.[1] The district court ap-
proved the filing of the amended charge,
accepted Barnes' plea of guilty, entered a
judgment of conviction and sentenced
Barnes to the custody of the Board of
Correction for a fixed, two-year period,
with credit for 227 days previously served
in the county jail.[2] On appeal, Barnes con-
tends that the district court abused its dis-
cretion by imposing an excessive sentence.
We affirm.

Our scope of review is well set-
tled. An appellate review of a sentence is
based on an abuse of discretion standard.
*State v. Wolfe*, 99 Idaho 382, 582 P.2d 728
(1978). If the sentence is not illegal, the
appellant has the burden to show that it is
unreasonable, and thus a clear abuse of
discretion. *State v. Broadhead*, 120 Idaho
141, 814 P.2d 401 (1991). A sentence may
represent such an abuse if it is shown to be
unreasonable upon the facts of the case.

1. Idaho Code § 18–205 provides:

**Accessories defined.**—All persons who, hav-
ing knowledge that a felony has been commit-
ted, unlawfully conceal it from a peace offi-
cer, or harbor and protect the person charged
with or convicted thereof, are accessories.

2. Barnes received the maximum term autho-
rized for the punishment of an accessory. I.C.
§ 18–206 provides:

**Punishment of accessories.**—Except in cases
where a different punishment is prescribed,
an accessory is punishable by imprisonment
in the state prison not exceeding two (2)
years, or by fine not exceeding $5,000.

*State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

The pertinent facts of the case are as follows. A body with a gunshot wound to the head was discovered by an outdoorsman in a remote area in Bonner County in October, 1986. The victim had been dead for several weeks. After considerable difficulty, the victim was identified by the police as Vincent Lopez. The police were not able, at the time, to determine the identity of Lopez' assailant. Four years later, they arrested Eugene Barnes upon recently obtained information indicating that he may have been the murderer. The charge was subsequently amended and Barnes pled guilty to being an accessory. Barnes represented that he had come upon the apparent scene of the murder shortly after it had occurred; that he had observed a body wrapped up in the back of a pickup truck; and that he was warned by the occupants of the truck to tell no one of what he had seen or he would suffer the same fate as Lopez. Barnes claimed that he did not report the incident to the police because of the threat against him. He identified the occupants as two of the persons who had given information to the police indicating that Barnes was the murderer. At the sentencing proceeding, the court clearly indicated it would not indulge in any speculation as to Barnes' complicity in the murder, beyond the allegation of being an accessory.

Focusing upon the nature of the alleged offense—unlawfully concealing the commission of a felony—the sentencing court expressed its concerns. The judge noted that the murder investigation, including the identification of the victim and the apprehension of possible suspects, was made more difficult by Barnes' failure to bring his involvement to the attention of law enforcement authorities until he was arrested. The judge was unpersuaded that Barnes could not have received protection, as a witness, from the alleged threats against him.

The court also considered Barnes' character, as disclosed by a presentence report. This report revealed that Barnes, age 47, had an extensive criminal record dating back to 1960, including several felony convictions for which he had served time in the Idaho and Washington penitentiaries. The court determined that a sentence of two years was warranted, in light of Barnes' prior record and the severity of the crime he helped "cover up."

Barnes argues that the sentence he received can only be justified on the basis of retribution for the commission of his crime. However, as we have noted, retribution is one of the related goals which properly may be relied upon by a sentencing court in attaining the primary objective of protecting society. *Toohill, supra.* We have observed that a sentence need not serve all the sentencing goals; in appropriate cases, one may be sufficient. *State v. Waddell,* 119 Idaho 238, 804 P.2d 1369 (Ct.App.1991); *State v. Simons,* 116 Idaho 69, 773 P.2d 1156 (Ct.App.1989). In *Waddell,* we held that retribution and deterrence "by themselves, are sufficient to justify" imposition of a prison sentence. 119 Idaho at 241, 804 P.2d at 1371. Here, both of these goals, as well as the protection of society, are equally served by the two-year maximum sentence imposed by the court. We are not persuaded that characterization of the court's rationale as focusing heavily on the factor of retribution constitutes an abuse of discretion under the circumstances of this case. Barnes' sentence in this case underscores a potential defendant's exposure to liability for violating I.C. § 18–205 by impeding the investigation of a homicide.

The judgment of conviction and sentence of two years under I.C. § 18–206 are affirmed.