853 P.2d 605

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Harry J. REED, Defendant–Appellant.**

**No. 19966.**

Court of Appeals of Idaho.

May 26, 1993.

Daniel P. Featherston, Sandpoint, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

In this case we are asked to review the unified twenty-five years to life sentence imposed for a guilty plea entered to the charge of lewd and lascivious conduct. We hold that the district court did not abuse its discretion, and we affirm.

Harry J. Reed pled guilty to lewd and lascivious conduct with a minor. I.C. § 18–1508. Pursuant to his entry of a guilty plea, the state agreed that Reed would undergo specified psychological evaluation, and that the district court would recommend to the Department of Corrections that Reed participate in the sex offender program in Cottonwood. Prior to the sentencing hearing, a presentence investigation report (PSI) and a psychological evaluation were prepared. The court sentenced Reed to an indeterminate life term with a minimum fixed term of twenty-five years. The court retained jurisdiction for 180 days, and thereafter relinquished jurisdiction.

■ The sentence imposed is within the maximum life sentence provided in I.C. § 18–1508. Therefore, we will not disturb the sentence unless Reed demonstrates that the district court clearly abused its discretion. *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989). Where the district court imposed an unreasonable sentence, it may amount to an abuse of discretion. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). If the sentence is excessive under the facts of the case and in consideration of the four objectives of sentencing: the protection of society, deterrence, rehabilitation, and retribution, then we will conclude that the sentence is unreasonable. *State v. Broadhead*, 120 Idaho 141, 146, 814 P.2d 401, 406 (1991). We treat the fixed portion of the unified sentence, in this case twenty-five years, as the term of confinement. *State v. Kysar*, 116 Idaho 992, 999, 783 P.2d 859, 866 (1989).

■ The offense committed in this case was very severe. Reed admitted to having had sexual intercourse with his minor daughter. This activity occurred more than once. Reed has also admitted to having sexual contact with several minors including another daughter. Reed's statement in the PSI indicates that he used manipulative measures including alcohol, pornographic movies, and "bribes and/or rewards" to engage in sexual activity with the victims. The state contends that he has used force or threats of force in attempting to fondle the breasts of one of his daughters. Reed denies having used force and appears to have the impression that because he did not use physical force, the girls enjoyed the activity.

The district court noted that Reed admitted his guilt and was motivated to curtail his sexual contact with adolescents, however, his actions indicate that he has been unable to do so in the past when offered the opportunity. In 1984, Reed was charged with first degree incest in Washington, however, that was reduced to the misdemeanor of communication with a minor. This offense arose out of fondling the same daughter who was the victim in the instant offense. Following this offense, Reed was placed on probation and began attending counseling sessions. In Reed's PSI statement, he stated that the counseling was successful for a number of years. He discontinued counseling because he claimed he could not afford it. After his second wife left, Reed began engaging in

sexual intercourse with his daughter. Reed has also fondled his other daughter and his sister-in-law since his counseling.

The district court stated at the sentencing hearing that the nature of the instant offense was very significant and severe, and that Reed has a severe and long-standing problem. In light of the nature of the offense, Reed's character, and the goals of sentencing, we hold that the district court did not abuse its discretion. The sentence is affirmed.

WALTERS, C.J., and SILAK, Acting Judge, concur.