**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40295**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 580 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 12, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MELVIN WINN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Judgment of conviction and unified sentence of twenty-five years, with a minimum period of confinement of twelve years, for sexual abuse of a child under sixteen years, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge

In 2008, Melvin Winn's granddaughter (J.H.) reported to her mother that Winn touched her vagina. The mother relayed this information to law enforcement and an officer interviewed Winn. During the interview, Winn asserted that he may have accidently touched J.H.'s vagina while playing with her. Winn was not prosecuted at that time. In 2011, J.H.'s brother, M.H., reported that he witnessed Winn molesting J.H. Officers again interviewed Winn, who acknowledged the allegations were "possible," but denied any independent recollection due to use of methamphetamine. Winn requested and was scheduled for a polygraph. During the pre-test interview, Winn revealed to the examiner that he sexually abused J.H. by touching her vagina "on 5 or 6 different occasions." He also admitted to performing oral sex on J.H. "on 2 or 3 different occasions." Winn explained these incidents occurred around December 2008.

1

A grand jury indicted Winn on one count of lewd conduct with a minor under sixteen with a sentencing enhancement based on a prior conviction for a sexual offense that required registration. Pursuant to a plea agreement, Winn pled guilty to an amended charge of sexual abuse of a minor under sixteen, I.C. § 18-1506, and the state agreed to dismiss the enhancement. The district court imposed a unified sentence of twenty-five years, with a minimum period of confinement of twelve years. Winn appeals.

Winn contends the district court did not adequately consider his substance abuse problems and his goal of obtaining treatment for his substance abuse and sexual issues.[1] The state argues that the district court considered everything in the presentence report, including information about Winn's substance abuse problems and plans for treatment, and that Winn has failed to demonstrate an abuse its discretion.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

In this case, the district court indicated it read through everything in the presentence report. This report contained extensive information on Winn's substance abuse problems and

---

[1] While Winn initially contended the district court erred in refusing to allow him to withdraw his plea of guilty, he concedes in his reply brief that he failed to show a just reason existed for withdrawing the plea and, therefore, the district court did not err.

sexual issues, as well as his plan for treatment. However, the main concern of the district court at sentencing pertained to the protection of society. Specifically, the district court indicated that Winn posed a substantial risk to reoffend. Winn had previously been convicted of lewd conduct in 1993 and, at that time, was diagnosed with pedophilia. After an independent review of the record and having regard for the nature of the offense, the character of the offender and the protection of the public interest, we conclude that the sentence imposed by the district court was reasonable upon the facts of this case. Thus, the district court did not abuse its discretion by sentencing Winn to a unified sentence of twenty-five years, with a minimum period of confinement of twelve years. Therefore, Winn's judgment of conviction and sentence for sexual abuse of a child under the age of sixteen is affirmed.

Judge LANSING and Judge GRATTON, **CONCUR.**