**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 41126**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 381** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 20, 2014** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ALIK G. TAKHSILOV,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Judgment of conviction and unified life sentence, with a minimum period of confinement of three years, for robbery, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Alik G. Takhsilov pled guilty to one count of robbery. I.C. § 18-6501. In exchange for his guilty plea additional charges, including the use of a deadly weapon in the commission of a crime, were dismissed. The district court sentenced Takhsilov to a unified term of life imprisonment, with a minimum period of confinement of three years.[1] Takhsilov appeals, asserting that his sentence is excessive.[2]

_____

[1] The state asserts in its brief that the district court granted Takhsilov's I.C.R. 35 motion and reduced the indeterminate portion of the sentence to twenty-five years. The state refers to an amended judgment of conviction which is not part of the record on appeal. We review the sentence in the record before us.

[2] Takhsilov also pled guilty to one count of burglary and was sentenced to a concurrent unified term of five years, with a minimum period of confinement of one year. However, he does not challenge this judgment of conviction or sentence on appeal.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1884 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

The record in this case reveals that Takhsilov and an accomplice broke a window, removed the security bar, and stole merchandise from a store. After taking the merchandise to their home, the couple picked up two knives and proceeded to a convenience store. Takhsilov entered the convenience store, grabbed the store clerk, held a knife to the clerk, told her it was a robbery, and forced her to open the cash register. After removing the cash from the register, Takhsilov instructed the clerk to wait in the restroom, and he fled the scene. Takhsilov and his companion were arrested during a traffic stop shortly thereafter. These crimes were Takhsilov's first felony convictions. The district court considered the seriousness of the offense, the harm done to the victim, Takhsilov's history of substance abuse, mental health issues, and violence toward others. However, in fashioning Takhsilov's sentence, the district court concluded that Takhislov was a danger to the community.

The issue before this Court is not whether the sentence is one that we would have imposed, but whether the sentence is plainly excessive under any reasonable view of the facts. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. If reasonable minds might differ as to whether the sentence is excessive, we are not free to substitute our view for that of the district court. *Id.*

Having thoroughly reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Takhsilov's judgment of conviction and sentence are affirmed.

Chief Judge GUTIERREZ, **CONCURS.**

Judge GRATTON, **SPECIALLY CONCURRING**

I concur; however, I write to note my general concern regarding the imposition of indeterminate life terms, which I believe should be limited and reserved for the most egregious of cases; or imposition of otherwise particularly long indeterminate terms which appear to have marginal penological or societal value, and may be counterproductive thereto.