**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 40198/40199**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 669** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: August 14, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **GABRIEL TORRES,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Bradly S. Ford, District Judge.

Judgment of conviction and unified sentence of five years, with one and a half years determinate, for possession of a dangerous weapon by an inmate, <u>affirmed</u>; judgment of conviction and concurrent unified sentence of five years, with two and a half years determinate, for aggravated assault, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

In these consolidated cases, Gabriel Torres appeals from his judgments of conviction and sentences for being an inmate in possession of a deadly weapon and aggravated assault. Specifically, Torres claims error in instructing the jury and an abuse of discretion in regard to his sentences. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

While Torres was an inmate in the Canyon County jail, a sheriff's officer conducted a routine search of Torres' cell and discovered a modified "spork" utensil inside a large envelope containing Torres' legal documents. The spoon/fork portion of the utensil was cut off and the remaining handle was sharpened to a point. A grand jury indicted Torres for possession of a

1

dangerous weapon by an inmate, Idaho Code § 18-2511.[1]  Following a trial, the jury found him guilty.

Approximately a week after the verdict on the dangerous weapon charge was entered, and while Torres awaited sentencing, Torres and five other inmates confronted and physically attacked another inmate in a bathroom, inflicting various injuries.  A grand jury indicted Torres for rioting with a Gang Enforcement Act sentencing enhancement based on evidence that he and the other attackers had gang affiliations.  Pursuant to a plea agreement, Torres pled guilty to an amended charge of aggravated assault, I.C. §§ 18-901(a), 18-905(b), in exchange for the State's dismissal of the sentencing enhancement and recommendation that Torres' aggravated assault sentence run concurrently with his sentence for possession of a dangerous weapon.

After a consolidated sentencing hearing on the two convictions, the district court imposed a unified sentence of five years, with one and a half years determinate, for possession of a dangerous weapon by an inmate, and a concurrent unified sentence of five years, with two and a half years determinate, for aggravated assault.  Torres timely filed notices of appeal in both cases, and the Idaho Supreme Court granted his motion to consolidate the cases for appeal.

## II.

## ANALYSIS

Torres contends the district court gave an incorrect jury instruction as to the elements of possession of a dangerous weapon by an inmate and that this amounted to fundamental error.  He also contends his sentences are excessive.

### A.    Jury Instruction

Torres contends the district court incorrectly instructed the jury as to the elements of the charge in his possession of a dangerous weapon trial because the instruction took from jury consideration the question of whether the modified utensil constituted a dangerous weapon.  The question of whether the jury has been properly instructed is a question of law over which we exercise free review.  *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009).  When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law.  *State v. Calver*, 155 Idaho 207, 214, 307 P.3d 1233, 1240 (Ct. App. 2013); *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

---

[1]    Idaho Code § 18-2511 has since been repealed and replaced by section 18-2510.

Torres did not object to the jury instructions before the trial court, and therefore, he must show the alleged error is fundamental. *Calver*, 155 Idaho at 214, 307 P.3d at 1240. An appellate court should reverse an unobjected-to error only when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *State v. Perry*, 150 Idaho 209, 226, 245 P.3d 961, 978 (2010).

In a criminal case, the district court has a duty to give the jury instructions on all matters of law necessary for their information. I.C. § 19-2132; *State v. Gain*, 140 Idaho 170, 172, 90 P.3d 920, 922 (Ct. App. 2004); *State v. Mack*, 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct. App. 1999). The trial court thus must give instructions on rules of law material to the determination of the defendant's guilt or innocence. *Gain*, 140 Idaho at 172, 90 P.3d at 922; *Mack*, 132 Idaho at 483, 974 P.2d at 1112.

Idaho Code section 18-2511, under which Torres was charged, provided: "Any inmate of a penal institution or jail who shall manufacture, deliver or possess a controlled substance or a dangerous weapon is guilty of a felony." The jury instruction at issue read:

> In order for the defendant to be guilty of Possession of a Dangerous Weapon by an Inmate, the state must prove each of the following:
> 1. On or about May 10, 2011
> 2. in the state of Idaho
> 3. the defendant Gabriel Torres
> 4. while an inmate
> 5. of [the] Canyon County Jail
> 6. did possess
> 7. *a dangerous weapon, to wit: a sharpened plastic eating utensil.*

(Emphasis added.) Torres contends the instruction violated his due process rights because it *told* the jury conclusively that a sharpened plastic eating utensil constitutes a dangerous weapon, where the State was required to prove that fact.

Torres has not shown the instruction constituted constitutional error. We first note that the instruction is substantively similar to Idaho Criminal Jury Instruction 605, which requires, in relevant part, that the State prove beyond a reasonable doubt that the defendant possessed "a dangerous weapon (specify)." As we stated in *State v. Reid*, 151 Idaho 80, 85, 253 P.3d 754, 759 (Ct. App. 2011), pattern jury instructions are presumptively correct. That is the case here. Read

3

in context, the instruction required the jury to find beyond a reasonable doubt that Torres possessed a dangerous weapon and went on to specify what the State was *alleging* constituted the dangerous weapon in this case (the sharpened plastic eating utensil). From this instruction, the jury was free to conclude that the utensil did not constitute a dangerous weapon as alleged and thus, find the State had not proved an essential element beyond a reasonable doubt. Indeed, as the State points out, the only issue contested at trial was whether the sharpened utensil constituted a dangerous weapon. Both parties focused exclusively on this issue during their respective closing arguments, with the State explicitly stating that it was the sole issue for the jury to determine. That the jury would apply a strained interpretation of the elements instruction to conclude that the instruction resolved the single contested issue at trial is not likely. The instruction did not constitute error, let alone fundamental error.

## B.      Sentence Review

Torres also contends the district court abused its discretion in imposing a unified sentence of five years, with one and a half years determinate, for possession of a dangerous weapon and a concurrent, unified five-year sentence, with two and a half years determinate, for aggravated assault. He concedes the sentences are not illegal, but contends they are excessive given any view of the facts and contends the district court failed to properly consider relevant mitigating factors in imposing the sentences.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When

4

reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Torres contends that if the district court had properly considered his level of family support, work history, and remorse for his actions, it would have followed the recommendation of the presentence investigator and retained jurisdiction in order to allow him to complete Department of Correction programming[2] and/or imposed less severe sentences. In sentencing Torres, the district court explicitly noted it considered the statutory sentencing goals and had reviewed the presentence investigation report, even continuing the hearing by one day to ensure it sufficiently reviewed additional materials submitted by the parties. The court then discussed Torres' extensive criminal history, conceding that although the convictions at issue were his first felonies, Torres had at least five juvenile adjudications in addition to at least fifteen misdemeanor convictions. Especially troubling to the court, the latter included two convictions for carrying a concealed weapon, battery on a law enforcement officer, violation of a no-contact order and domestic battery, demonstrating a propensity to violence.

The court then considered the circumstances surrounding the instant convictions. At the time of the two convictions at issue, Torres was incarcerated because he was noncompliant with the misdemeanor probation imposed for his domestic battery conviction; specifically, Torres had indicated he was "tired" of doing probation and "asked" to serve the remainder of his sentence in jail. His probation officer in that case stated Torres was "completely non-compliant" and refused to abide by the conditions of his probation.

As to the issue of retaining jurisdiction, the district court indicated it may have been willing to do so if only the dangerous weapon conviction was at issue, but the aggravated assault incident occurred while Torres was awaiting sentencing on the first felony conviction and both felonies were committed in a highly-structured environment, casting doubt on Torres' ability to act lawfully outside of custody. In regard to the assault, the court noted the video recording of the incident showed it was not a minor incident, but a concerted, unprovoked, and planned attack of a single inmate by Torres and five other inmates. The court noted that such attacks, and the possession of contraband as in the case of the utensil, placed both inmates and law enforcement

---

[2]     Notably, by agreement of the parties, a presentence investigation report was only prepared in regard to the dangerous weapon conviction. Thus, the investigator's recommendation did not take into account the subsequent aggravated assault conviction.

5

at risk and gave rise to the need for a sentence with a deterrent effect. Furthermore, the court noted Torres has a consistent history of disciplinary issues while incarcerated, which the prosecutor indicated continued to occur after the assault. The prosecutor also indicated there was evidence Torres was a gang member and presented testimony from a deputy at the Canyon County jail that also after the assault, Torres threatened a fellow perpetrator and labeled him a "rat or snitch," thereby placing him in danger of retaliation. The above considerations, the court noted, gave rise to "serious concerns" as to whether Torres could be compliant in community supervision and the risk he posed to the community.

It is clear from the record that in imposing the concurrent sentences, the district court took care to review the presentence investigation report and other relevant documents and took the requisite sentencing factors into account. Given, among other factors, Torres' significant criminal history, repeated behavior indicating he would not be compliant on community supervision, the nature of the coordinated prison assault when he was already facing incarceration on the dangerous weapon conviction, and the need to deter such attacks for the safety of staff and fellow prisoners, Torres fails to carry his burden to show these sentences are excessive even considering his level of family support, work history, and asserted remorse for his actions. The district court did not abuse its sentencing discretion by imposing a unified sentence of five years, with one and a half years determinate, for possession of a dangerous weapon and a concurrent, unified five-year sentence, with two and a half years determinate, for aggravated assault.

### III.
### CONCLUSION

The district court did not err, much less commit fundamental error by instructing the jury as to the elements of possession of a dangerous weapon by an inmate. The district court also did not abuse its discretion in sentencing Torres for the two convictions at issue. Torres' judgments of conviction and sentences for being an inmate in possession of a dangerous weapon and aggravated assault are affirmed.

Judge MELANSON **CONCURS.**

Judge LANSING, **CONCURRING IN THE RESULT**

I write separately because, in my view, the jury instruction was not appropriate. The instruction, which follows the ICJI pattern instruction, would be perfectly correct in most cases

where there is no question that the possessed implement, such as a firearm or a knife, was a dangerous weapon. In a case like this one, however, where the characterization as a dangerous weapon is disputed, an instruction in this form has the potential to be misinterpreted by the jury. The instruction could easily be understood as stating that the sharpened spork handle was a dangerous weapon. A clearer instruction would call for the jury to find first that the defendant possessed the alleged implement, and second that the implement was a dangerous weapon.

I concur in the affirmance of Torres' conviction, however, because Torres has not met his burden to show the third element of fundamental error--that the error affected the outcome of the trial proceedings. In the context of the trial as a whole, and particularly the closing arguments of counsel, I see no reasonable possibility that the ambiguous jury instruction misled the jury or affected the outcome of the proceedings to Torres' detriment.