**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45320**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 27, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ERIK M. ZIZUMBO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth Ann Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Erik M. Zizumbo appeals from the judgment of the district court entered upon a jury verdict finding him guilty of lewd conduct with a minor under sixteen and sexual abuse of a child under the age of sixteen. Zizumbo argues the State committed prosecutorial misconduct amounting to fundamental error during closing arguments by misrepresenting the evidence and appealing to the passions and prejudices of the jury. Zizumbo also argues the district court abused its discretion by imposing excessive sentences without giving proper weight and consideration to mitigating factors. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Eight-year-old K.B. was spending the night at a friend's house. K.B. and her friend were on a couch in the living room watching television. Thirty-four-year-old Zizumbo was playing

1

video games on a smaller television in the same room. After K.B.'s friend fell asleep, Zizumbo stopped playing video games, put his arms around K.B., slowly rubbed her vaginal area with his thumb, kissed her on the mouth, and put his tongue in her mouth. K.B. pushed Zizumbo away and told him to stop. K.B. then gathered her things, left Zizumbo's house, and walked home. Once home, K.B. told her mother what Zizumbo had done.

The next day, K.B.'s mother took her to meet with a victim witness coordinator and a detective from the Ada County Sheriff's Office. Two days after the incident, K.B.'s mother took her to participate in a "Children at Risk Evaluation Services" (CARES) interview. In the CARES interview, K.B. maintained that Zizumbo had rubbed her private parts, kissed her on the mouth, and put his tongue in her mouth. The detective subsequently interviewed Zizumbo. Zizumbo initially denied touching K.B. or knowing why she got upset and left his house, but he eventually admitted that he had tried to hug K.B. and had tickled her thighs before she left.

A grand jury indicted Zizumbo on one count of lewd conduct with a minor under sixteen, Idaho Code § 18-1508, and one count of sexual abuse of a child under the age of sixteen, I.C. § 18-1506(b). Zizumbo pled not guilty, and the case proceeded to trial. A jury found Zizumbo guilty of both charges. The district court imposed unified sentences of fifteen years with three years determinate, to be served concurrently. Zizumbo timely appeals.

## II.

## ANALYSIS

Zizumbo asserts the State committed prosecutorial misconduct amounting to fundamental error by misrepresenting the evidence and appealing to the passions and prejudices of the jury during closing argument. Zizumbo also asserts the district court abused its discretion by imposing concurrent fifteen-year sentences with three years determinate. The State asserts that the prosecutor did not commit misconduct during closing arguments and that Zizumbo's argument fails all three prongs of the fundamental error analysis. The State also asserts the district court did not abuse its discretion when it imposed Zizumbo's sentences.

### A. Prosecutorial Misconduct

For the first time on appeal, Zizumbo argues the prosecutor committed misconduct during closing argument. While our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, the prosecutor is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007).

However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.*

Zizumbo made no contemporaneous objection to the prosecutor's closing argument at trial. In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court clarified the fundamental error doctrine as it applies to allegations of prosecutorial misconduct. If the alleged misconduct was not followed by a contemporaneous objection, an appellate court should reverse when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

Zizumbo argues the prosecutor violated his unwaived due process right to a fair trial because she attempted to secure a verdict by appealing to the jury's emotions, passions, and prejudices, and by mischaracterizing and misrepresenting the evidence presented. During the State's closing argument, the prosecutor replayed portions of Zizumbo's video-recorded police interview and argued:

> He's throwing the little girl under the bus, you notice? Little girl who's promiscuous--she's eight--because she kisses little boys in the neighborhood. We never had any little boys come in here and testify, that's just what they say, that she's a promiscuous little eight year old, she comes over there and eats all of their food because she's kicked out of the house . . . and she's a liar, she's telling a lie, nothing went wrong, she's lying.

Zizumbo contends the prosecutor's use of the word "promiscuous" was inflammatory and a gross distortion of the evidence presented because it misrepresented and mischaracterized his actual statements and because it portrayed him as a person that would slander a child. Zizumbo also contends he never called K.B. a "liar" and did not verbally attack K.B. for eating the Zizumbos' food.

The State argues the prosecutor's closing arguments were based upon evidence in the record--specifically, statements Zizumbo made during his interview with the detective--and thus, the prosecutor's closing argument did not violate Zizumbo's unwaived constitutional rights. We agree.

Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007). Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence.

3

*Id.* Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003).

Appeals to emotion, passion, or prejudice of the jury through the use of inflammatory tactics are impermissible. *Phillips*, 144 Idaho at 87, 156 P.3d at 588. The prosecutor's closing argument should not include disparaging comments about opposing counsel. *Id.* at 86, 156 P.3d at 587; *see also State v. Brown*, 131 Idaho 61, 69, 951 P.2d 1288, 1296 (Ct. App. 1998).

Zizumbo's claim that the prosecutor's use of the term "promiscuous" misrepresented the evidence of his actual statements and inflamed the jury is belied by the record. Just prior to using the term promiscuous in her closing argument, the prosecutor replayed Zizumbo's video-recorded interview for the jury. The video shows Zizumbo, unprompted by the detective, speaking openly about hearing stories of K.B. engaging in sexual activity with other kids in the neighborhood:

| | |
|---|---|
| Zizumbo: | [K.B.'s parents] told us stories about [K.B.] doing inappropriate stuff with other kids around the neighborhood . . . . |
| | . . . . |
| | I've heard, there's stories of them rubbing, uh, [K.B.] playing with other kids' stuff, with private parts around the neighborhood. And some of the parents they, they don't hang around with [K.B.] anymore, cause-- |
| Detective: | They say that [K.B.] and them, are like sexually-- |
| Zizumbo: | Touching. |
| Detective: | Touching and stuff? |
| Zizumbo: | Yeah, like, uh, kissing and all that stuff. Like [K.B.]'s been caught kissing boys. A couple boys. |

During this exchange, Zizumbo explicitly stated that K.B. had sexually rubbed, touched, and played with other children's private parts. In addition to stating that K.B. had engaged in sexual touching of other children's private parts, Zizumbo also implied that other parents have not allowed their children to be around K.B. because of her alleged sexual behavior. Despite the fact that Zizumbo himself never used the term promiscuous,[1] the prosecutor's argument was based on Zizumbo's own statements that he made during the video-recorded interview with the detective,

---

[1] We note that the detective used the word promiscuous in a follow-up question to Zizumbo, relating to his description of the victim's behavior, and Zizumbo did not disagree with or correct that characterization.

which was in evidence. It was not a misrepresentation of evidence to use the word promiscuous to characterize Zizumbo's statements regarding K.B.'s alleged sexual history.[2]

Moreover, the prosecutor did not misrepresent the video evidence by arguing that Zizumbo threw K.B. under the bus by calling her a liar or suggesting K.B. ate the Zizumbos' food. The video shows that the detective confronted Zizumbo with a detailed description of what K.B. had alleged in her CARES interview. When the detective asked Zizumbo directly about K.B.'s allegations against him, Zizumbo replied, "Sounds like a lie to me, man. That's all I can say." Zizumbo also said, "I don't believe it. I don't believe that I would try to sexually try to touch her." The prosecutor's statement that Zizumbo was "throwing [K.B.] under the bus" by saying "she's a liar, she's telling a lie, nothing went wrong, she's lying" was based on evidence of Zizumbo's own statements to the detective. Additionally, Zizumbo told the investigator, that K.B. likes "to stay for lunch or dinner sometimes, um, which is kinda ok, it just, it just makes it hard on us to always be feeding them." The prosecutor's characterization of Zizumbo's statements was based on the evidence and not impermissible appeals to the emotion, passion, or prejudice of the jury.

The record shows that the prosecutor did not misrepresent Zizumbo's statements to the detective during his interview nor did the prosecutor appeal to the emotion, passion, or prejudice of the jury. Accordingly, the prosecutor's statements at closing argument neither constitute prosecutorial misconduct nor do they rise to the level of fundamental error.

## B. Sentencing Discretion

Zizumbo also argues the district court abused its discretion when it imposed unified sentences of fifteen years with three years determinate. According to Zizumbo, considering any view of the facts, the sentences are excessive. Zizumbo contends the district would have

---

[2]     Zizumbo cites two dictionary definitions of the term promiscuous--"having a number of sexual partners" and "not restricted to one sexual partner"--and he suggests the term is limited to relations involving sexual intercourse with multiple sexual partners. However, contrary to Zizumbo's suggestion, the definition of promiscuous is not bounded to include only acts of intercourse. Indeed, even the definition of promiscuous that Zizumbo provided to the Court does not circumscribe the definition of the term promiscuous to acts of sexual intercourse. Other acts short of intercourse are fairly included in the definition. The prosecutor's use of the term promiscuous referred to Zizumbo's statements wherein he alleged that K.B. had kissed a couple boys and touched, rubbed, and played with the private parts of other neighborhood children, and did not imply that K.B. had sexual intercourse with multiple partners, misrepresent the evidence, or inflame the jury.

imposed less severe sentences if the court had properly considered his family support, his completion of two psychosexual evaluations, and his successful completion of GED testing.

The State argues the district court did not abuse its discretion when it imposed two concurrent sentences of fifteen years with three years determinate. We agree.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Zizumbo has failed to show that the district court abused its discretion. Idaho Code § 18-1508 provides that the maximum term of confinement for lewd conduct with a minor under sixteen is life imprisonment. Idaho Code § 18-1506(5) provides that the maximum term of confinement for sexual abuse of a child under the age of sixteen years is twenty-five years. The court imposed unified sentences of fifteen years with three years determinate. The court ordered the sentences to run concurrently and gave Zizumbo credit for time served. Our review of the

6

record reveals that in fashioning Zizumbo's sentence, the court expressly stated that it had considered the goals of sentencing, including protection of the community, general and specific deterrence, rehabilitation, and the need for retribution or punishment. The court also reviewed and considered the PSI materials, both psychosexual evaluations, the defendant's criminal history, the letters provided to the court by the defendant's family members, the victim impact statement provided by the victim's mother, and the defendant's own statements during the sentencing hearing. The court stated that the primary reason for the sentence imposed in this case was the crimes themselves. In its discretion, the court concluded that the sentence was appropriate in light of the seriousness of the crimes and the risk Zizumbo presents to the community, and in order to protect the community, deter future criminal behavior, and foster rehabilitation. The district court properly considered appropriate sentencing factors during sentencing and reached its decision by an exercise of reason. Therefore, upon the facts of the case, the sentences imposed are reasonable and not excessive. Accordingly, the district court did not abuse its sentencing discretion.

### III.

### CONCLUSION

The prosecutor's statements at closing argument neither constitute prosecutorial misconduct nor do they rise to the level of fundamental error. The district court did not abuse its discretion when it imposed two concurrent sentences of fifteen years with three years determinate. Accordingly, we affirm the judgment of conviction.

Judge HUSKEY and Judge LORELLO **CONCUR**.