**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51676 & 51677**

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>JOSHUA JAMES SARTIN,<br><br>    Defendant-Appellant. | )<br>)  **Filed:  March 5, 2026**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Benjamin J. Cluff, District Judge.

Appeal from judgment of conviction for burglary and being a persistent violator in Docket No. 51676, <u>dismissed</u>; judgment of conviction and concurrent unified sentences of fourteen years, with minimum periods of confinement of five years, for grand theft, intimidation of a witness, and being a persistent violator in Docket No. 51677, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Michael MacEgan, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

In Docket No. 51676, Joshua James Sartin appeals from his judgment of conviction for burglary and being a persistent violator.  In Docket No. 51677, Sartin appeals from his judgment of conviction and concurrent unified sentences of fourteen years, with minimum periods of confinement of five years, for grand theft and intimidation of a witness, enhanced by being a persistent violator.

Although Sartin filed a notice of appeal in both cases, on appeal, Sartin only raises issues related to Docket No. 51677.  We dismiss the appeal in Docket No. 51676 and affirm the judgment of conviction entered in Docket No. 51677.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Sartin was charged with burglary after his cousin reported items missing from her garage. Sartin's cousin believed Sartin helped his aunt take kayaks, tools, and other miscellaneous items from the garage while Sartin's cousin was out of town. Based on this incident, in Docket No. 51676, Sartin was charged with burglary and being a persistent violator. During the pendency of the burglary case, correction officers intercepted a letter from Sartin to his fiancé. In this letter, Sartin told his fiancé, "Call [my attorney] after you read this letter. He is most confident of me beating this charge, especially with your testimony. [L]ike I said before, you were there with me every time except when I met Wendy at D+B." In a phone call between Sartin and his fiancé while Sartin was in jail, he similarly told his fiancé that his attorney wanted to talk to the fiancé about Sartin's whereabouts on the night of the burglary. During the phone call, Sartin's fiancé denied being with him at that time, and when he told her she was, she responded: "I don't remember. It'll come to me eventually, I guess, I don't know. My memory's kind of f***ing shot right now." The State thereafter charged Sartin, in Docket No. 51677, with witness intimidation, grand theft,[1] and being a persistent violator. The two cases were consolidated for trial.

At trial, the victim's estimated valuation of the stolen property was admitted into evidence. During closing argument, Sartin argued that no other evidence had been offered to prove that the value of the stolen property was over the threshold of $1,000, as required to be guilty of grand theft. During its rebuttal, the State argued that Sartin had not offered any evidence rebutting the victim's property value estimations. Sartin objected, contending the prosecutor's statement impermissibly shifted the burden of proof. The district court overruled the objection. The jury found Sartin guilty of burglary (I.C. § 18-1401), grand theft (I.C. § 18-2407), and intimidation of a witness (I.C. § 18-2604). Sartin admitted to being a persistent violator. I.C. § 19-2514.

The district court imposed concurrent unified sentences of fourteen years, with minimum periods of confinement of five years, for grand theft and intimidation of a witness, enhanced by

---

[1]     Although charged in a separate case, the grand theft charge in Docket No. 51677 was based on the items taken during the burglary alleged in Docket No. 51676.

being a persistent violator.  Sartin filed an I.C.R. 35 motion for reduction of his sentences, which the district court denied.  Sartin appeals.

## II.

## ANALYSIS

A.      **Prosecutorial Misconduct**

Sartin contends the district court erred in overruling his objection to the prosecutor's rebuttal closing argument.  Specifically, Sartin asserts the prosecutor's argument improperly shifted the burden of proof.  The State responds that the rebuttal argument was proper and the district court did not err.  We hold that, because the prosecutor's rebuttal closing did not shift the burden and was a proper response to Sartin's closing argument, he has failed to show the district court erred in overruling his objection.

Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case.  *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007).  Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence.  *Id.*; *State v. Reynolds*, 120 Idaho 445, 450, 816 P.2d 1002, 1007 (Ct. App. 1991).  Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom.  *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003); *Phillips*, 144 Idaho at 86, 156 P.3d at 587.  When there has been a contemporaneous objection to a prosecutor's closing argument, we determine factually if there was prosecutorial misconduct and, if so, we determine whether the error was harmless.  *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *Phillips*, 144 Idaho at 88, 156 P.3d at 589.

During Sartin's closing argument, he argued to the jury that the State failed to present any evidence to substantiate the values the victim assigned to the stolen property, stating:

> But here's a brief list of what you don't have.  What tools?  How hard is it to take a picture of some tools in a garage?  Especially after Josh Sartin brought them back.  Not hard at all.  Not as expensive as lab reports and fingerprinting. [The investigating officer] talked about, "Oh, you can't do fingerprints and do lab forensics and stuff like, it's expensive.  We don't do that for cases like this."  Fair enough.  But, yeah, you should probably figure out what property was missing, and show you, the jury, the fact finders, a single piece of evidence, a kayak, a receipt, even like a screenshot of this supposed . . . fair market value research that was done on the web.  You can easily be given the numbers for not putting a lot of stock in

this and suppose it's fair market value on here, especially because I don't even think the math even adds up. You've been given nothing, you've been given nothing to substantiate that.

.... But we've got nothing. We've got nothing. Nothing showing any value, establishing a value for anything on that sheet, not even like a screenshot from Facebook showing, hey, here's a similar tool. Here's the condition of the tool that I got back from [Sartin] and here's the tool on Facebook that looks similar, also functional. Here's the value. You've got nothing.

In response, the prosecutor argued during its rebuttal: "the defense, no, they don't have to prove anything. This is uncontroverted. If it was as easy as [Sartin] says for you not to believe this, where is the Craigslist ad challenging any of the values on this?" Sartin objected, claiming that the State was shifting the burden of proof. The prosecutor responded: "I'm responding in turn. Argument." After the district court overruled Sartin's objection, the prosecutor continued:

Where is the Craigslist ad, a Facebook ad, an expert who I guess lives everyday valuing things and if they can't value things they lose their jobs, where are they to controvert [the victim's] price assessments here? In essence, there's an instruction in there that says you can't listen to [the defense's] words as testimony .... Just because [Sartin] says this is not correct doesn't mean it's not. [The victim's] testimony is unchallenged. [Sartin] didn't even cross-examine [the victim] other than asking him if he's this IRS employee or a [hardware store] employee. Well, you don't have to be to value property.

Sartin contends the State impermissibly shifted the burden of proof with respect to the value of the stolen property. We disagree. The prosecutor's statement during rebuttal closing argument was a proper response to Sartin's argument that the State presented insufficient evidence of the property value. The prosecutor's argument did not shift the burden or imply that the burden was on Sartin. Rather, the prosecutor noted that, although the defense did not "have to prove anything," evidence of value was uncontroverted. This was within the scope of proper argument. *See, e.g., State v. Adamcik*, 152 Idaho 445, 482, 272 P.3d 417, 454 (2012) (concluding there was no prosecutorial misconduct during closing argument where the prosecutor never stated defendant "had the responsibility to test evidence and bring forth results, nor did it draw attention to [defendant's] failure to testify," but "merely responded to statements made in closing by [defendant's] counsel regarding the State's failure to test certain evidence"); *State v. Mendoza*, 151 Idaho 623, 627, 262 P.3d 266, 270 (Ct. App. 2011) (noting that comments on the evidence or on the failure of the defense to introduce material evidence or call logical witnesses is permissible

4

and does not shift the burden of proof). Sartin has failed to show error in the district court's ruling on his objection at trial.[2]

## B.    Review of Sentences

The district court sentenced Sartin to concurrent unified terms of fourteen years, with minimum periods of confinement of five years, for grand theft and intimidating a witness, enhanced by being a persistent violator.[3] The district court ordered that Sartin's sentences be served consecutively to other unrelated sentences. Sartin asserts the district court abused its sentencing discretion by failing to adequately consider certain mitigating factors in imposing his sentences--specifically his employment history and expression of remorse. The State responds that Sartin has failed to show the district court abused its sentencing discretion because the district court applied the correct legal standard and imposed reasonable sentences.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the

---

[2]    Because we hold that the prosecutor did not commit misconduct, we need not address the parties' harmless error arguments.

[3]    Sartin's sentence for burglary is reflected in a separate judgment of conviction in Docket No. 51676. That sentence was ordered to run concurrent with the sentences in Docket No. 51677. On appeal, Sartin challenges the aggregate sentence imposed, which could include the burglary sentence. However, the relief Sartin requests is to vacate his grand theft conviction without reference to his burglary conviction. Because Sartin raises no issue related to his burglary conviction and does not expressly challenge the sentence imposed for burglary, as previously noted, the appeal in Docket No. 51676 is dismissed.

offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in imposing Sartin's sentences.

## IV.
## CONCLUSION

Sartin raised no issue related to his judgment of conviction for burglary and did not challenge the sentence imposed for burglary. Therefore, the appeal in Docket No. 51676 is dismissed. Sartin has failed to show the district court erred in overruling his objection to the prosecutor's closing argument or that the district court abused its sentencing discretion. Accordingly, Sartin's judgment of conviction and concurrent unified sentences of fourteen years, with minimum periods of confinement of five years, for grand theft, intimidation of a witness, and being a persistent violator in Docket No. 51677 is affirmed.

Chief Judge TRIBE and Judge HUSKEY, **CONCUR**.